IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Estate of:<br>MICHAEL JAMES SCOTT, JR., and<br>NADINE IRENE SCOTT<br><br>Deceased,<br><br>AMY MARIE SCOTT-ZERR,<br><br>        Appellant<br>   v.<br><br>MICHAEL JAMES SCOTT III, personal<br>representative,<br><br>        Respondent. | No. 78178-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br><br><br><br><br><br><br><br><br>FILED: August 19, 2019 |

HAZELRIGG-HERNANDEZ, J. — RCW 11.96A.125 permits courts to change the contents of a will to conform to the testator's intentions if clear, cogent, and convincing evidence shows that the testator's intent and the terms of the will were affected by a mistake of fact. Michael Scott III asked the trial court to reform his parents' wills without referring to the appropriate statute or standard. We reverse and remand to the trial court to evaluate this case under RCW 11.96A.125.

## FACTS

Michael Scott, Jr. and Nadine I. Scott had four children, Michael III, Anola, Nadine D. and Linda.[1] Michael Jr. and Nadine I. created a number of documents

[1] Due to the number of Scott family members in this case, we refer to them by their first name, or first name and middle initial or suffix, if necessary. No disrespect is intended.

purporting to be wills that were notarized but not signed by two witnesses, including purported wills dated July 10, 2008, and January 6, 2011. Each of the purported wills devised their entire estates to Michael III. They also created documents titled Codicil to Last Will and Testament of Michael Scott Jr. and Codicil to Last Will and Testament of Nadine I. Scott, dated January 14, 2015. The 2015 Codicils were signed by two witnesses, Michael III and Anola. Both 2015 Codicils contain the following language: "I hereby confirm and republish my will dated July 10, 2006." No evidence supporting the existence of wills or purported wills dated July 10, 2006 was submitted to the court.

Nadine I. and Michael Jr. died in early 2016. Their daughter, Linda, had predeceased them in 2002. Michael III submitted Nadine I. and Michael Jr.'s 2011 purported wills to probate. Amy Scott-Zerr, Linda's daughter, challenged those wills because they were not properly executed. The order admitting those wills to probate was revoked. Michael III submitted an amended petition to admit the 2015 Codicils and the July 10, 2008 wills to probate. Scott-Zerr opposed the verified petition.

After a trial, the court found that there was no room for doubt that Michael Jr. and Nadine I. intended to incorporate their July 10, 2008 purported wills in their 2015 Codicils. It found that Michael III and Anola both testified credibly that the July 10, 2008 wills were on the table in front of Michael Jr. when he executed the 2015 Codicils. It found that the reference to July 10, 2006 wills rather than July 10, 2008 wills was a scrivener's error. The court held the 2015 Codicils were validly executed and admitted them to probate as wills. It held that the 2015

2

Codicils incorporated the July 10, 2008 purported wills by manifesting the intent to incorporate and sufficiently describing the purported wills. Scott-Zerr appeals.

## DISCUSSION

I.   The trial court must consider the evidence presented under the reform statute before it decides whether the 2015 Codicils incorporate the July 10, 2008 purported wills.

The parties agree that the 2015 Codicils are valid wills. They dispute whether or not the 2015 Codicils incorporate the July 10, 2008 purported wills by reference. The parties focused their arguments at trial and to this court on RCW 11.12.255, the incorporation by reference statute, which permits a will to incorporate by reference any extant writing when the will manifests the testator's intent to incorporate the writing and describes the writing sufficiently to permit its identification.

The party claiming a will incorporates a document by reference has the burden of proving the incorporation. Baarslag v. Hawkins, 12 Wn. App. 756, 760, 531 P.2d 1283 (1975), review denied, 86 Wn.2d 1008 (1976). The will "must clearly and definitely describe or identify the documents intended to be incorporated, or render them capable of identification by extrinsic evidence, so that no room for doubt can exist as to what papers were meant." Woodard v. Gramlow, 123 Wn. App. 522, 527, 95 P.3d 1244 (2004) (internal quotation marks omitted) (quoting Baarslag, 12 Wn. App. at 763). The will must describe the document "with sufficient certainty that it may be identified and distinguished from other similar documents . . . to protect against fraud, substitution and tampering." Baarslag, 12

Wn. App. at 761 (internal quotations omitted) (quoting 2 PAGE ON WILLS: THE LAW OF WILLS § 19.23 (3d ed. 1960)). If the will is written in such vague or inaccurate terms that the document to be incorporated can only be identified by evidence outside the will or contradicting the will, the document may not be incorporated in the will. Baarslag, 12 Wn. App. 762 (quoting 2 W. PAGE, WILLS § 19.23 (3d ed. 1960)).

Michael III argues that the reference to July 10, 2006 wills is a scrivener's error, and that the 2015 Codicils intended to incorporate the July 10, 2008 purported wills. Scott-Zerr argues that RCW 11.12.255 and the case law surrounding it do not leave room for errors. She argues that the 2015 codicils do not sufficiently describe the July 10, 2008 purported wills to incorporate them by reference. Regarding the incorporation by reference statute, she is correct. Any extrinsic evidence considered by the court to support the incorporation of the July 10, 2008 purported wills would contradict the plain language of the 2015 Codicils. The rule in Baarslag would not have permitted incorporation by reference in this case. But in 2013, the legislature enacted RCW 11.96A.125, which permits judicial reformation of a will in the case of a mistake.

The Trust and Estate Dispute Resolution Act (TEDRA)[2] governs the resolution of disputes involving estates. RCW 11.96A.010. TEDRA grants courts plenary power to administer and settle all matters concerning the estates of deceased persons. RCW 11.96A.020(1)(a). RCW 11.96A.125 states

> the terms of a will or trust, even if unambiguous, may be reformed by judicial proceedings under this chapter to conform the terms to the intention of the testator or trustor if it is proved by clear, cogent, and

---

[2] Ch. 11.96A RCW

4

convincing evidence that both the intent of the testator or trustor and the terms of the will or trust were affected by a mistake of fact or law, whether in expression or inducement. This does not limit the ability to reform the will or trust using the binding nonjudicial procedures of RCW 11.96A.220.

RCW 11.96A.125 was first enacted in 2011. Laws of 2011, ch. 327 §11. The provision permitting courts to reform wills was a major departure from former Washington law and the common law rule that did not allow the correction of mistakes in wills. Karen E. Boxx & Katie S. Groblewski, Washington Trust Laws' Extreme Makeover: Blending with the Uniform Trust Code and Taking Reform Further with Innovations in Notice, Situs, and Representation, 88 Wash. L. Rev. 813, 890-91 (2013); Cf. Feeney v. Lufkin, 159 Wash. 82, 87, 292 P. 257 (1930) (parol evidence is not admissible to prove a testator's mistake or any intention not expressed in the language of the will); see also In re Estate of Bergau, 103 Wn.2d 431, 437, 693 P.2d 703 (1985) (evidence of testator's intent only admissible when will is ambiguous). TEDRA imposes no additional conditions on the evidence that can be used to prove those intentions, it only requires the evidence to be clear, cogent, and convincing. See RCW 11.96A.100.

Before addressing incorporation by reference, trial courts should decide whether or not clear, cogent, and convincing evidence shows the terms of the will were affected by a mistake of fact in their expression o intent. Then the court turns to the question of whether the will should be reformed. Here, Michael III asked the trial court to correct the mistakes in the 2015 Codicils without providing the court with the benefit of the proper framework. He conceded at oral argument that he did not ask the court to reform the will or to consider RCW 11.96A.125. Rather

than speculate on the outcome of this case under the statute, we remand to the trial court for an evidentiary hearing and to apply RCW 11.96A.125 to the 2015 Codicil of Michael J. Scott, Jr., based on the evidence of his intentions, and the 2015 Codicil of Nadine I. Scott, based on the evidence of her intentions.

A.     The trial court properly considered Michael Jr. and Nadine I.'s prior statements and purported wills.

Because we expect it to reoccur on remand, we address Scott-Zerr's argument that the trial court erred by considering Michael Jr. and Nadine I.'s prior statements and purported wills when considering their intentions in executing the 2015 Codicils. Scott-Zerr relies on the only published opinion that has applied RCW 11.96A.125 at this time, In re Estate of Meeks. 4 Wn. App. 255, 421 P.3d 963, rev. denied, 192 Wn.2d 1002 (2018). In Meeks, Lloyd and Mabel Meeks executed a trust agreement creating the L/M Meeks No. 1 Trust. Id. at 257. They executed wills the same day that devised their estates to the trust. Id. While both grantors were still alive, the terms of the trust allowed for its revocation and modification. Id. at 258. After the death of the first grantor, the trust was not revocable in whole or in part nor subject to amendment. Id. After Lloyd Meeks died, Mabel Meeks twice contacted her lawyer to amend the trust. Id. at 259. Because the trust was no longer subject to amendment, those purported amendments were ineffective as to the trust. Id. at 261. The trial court instead reformed Mabel Meeks's will to reflect the amendments. Id. The amendments did not satisfy the formalities for properly executed wills. Id. at 265. The Meeks court reversed, because RCW 11.96A.125 does not give the court the ability to import

6

into a valid will terms that conform to the testator's intent at a later date. Id. at 262. It held that the trial court could not reform an earlier, validly executed will by importing different terms from a later, invalid will because that would frustrate RCW 11.12.020's requirement for minimum formalities in the execution of a will. Id. at 266.

Scott-Zerr argues that Meeks would not permit the court to consider the purported wills or prior statements because they were not properly executed testamentary documents. But Scott-Zerr confuses the expressions of intent which post-dated the validly executed will considered in Meeks with the expressions of intent that pre-date the validly executed will at issue here. The 2015 Codicils were properly executed wills. No rule barred the court from considering earlier documents or statements that were not properly executed wills when determining the intentions of Michael Jr. and Nadine I. at the time they executed the 2015 Codicils. While Meeks makes it clear that the court cannot reform a will to conform to later intentions, it does not preclude the court from altering a properly executed testamentary document to "express[] the intention it was intended to express." Id. at 263 (quoting RESTATEMENT (THIRD) OF PROPERTY: WILLS AND OTHER DONATIVE TRANSFERS §12.1 (comments) (2003)). The trial court was correct to consider Michael Jr. and Nadine I.'s previous statements and purported wills to determine their intent at the time they executed the 2015 Codicils.

II.     Equity does not support awarding fees to either party.

RCW 11.96A.150 permits the superior court or any court on appeal to award costs, including attorney fees, to any party, considering any and all factors the

court deems relevant and appropriate. The court's discretion to award fees and costs under RCW 11.96A.150 is extremely broad. Both parties request attorney's fees in this case. Although Michael III's petition to the trial court was clearly governed by RCW 11.96A.125, Michael III's attorney did not address the statute in any way, and Scott-Zerr's attorney addressed it only in passing, to deny that it was the appropriate framework for the request. We decline to award attorney fees to any party.

Reverse and remand.

WE CONCUR: